13-11-AC00502

**IN THE CIRCUIT COURT**
**ST. CHARLES COUNTY, MISSOURI**
**ASSOCIATE DIVISION**

| | |
|---|---|
| **DAVID AND TINA LENDER** | ) |
| | ) |
| v. | ) |
| | ) Division |
| **MEDICREDIT, INC.** | ) |
| | ) |
| Serve at: | ) |
| CSC Lawyers Incorporating Service Co. | ) |
| 221 Bolivar | ) **JURY TRIAL DEMANDED** |
| Jefferson City, MO 65101 | ) |

## PETITION

COMES NOW, Plaintiffs, David and Tina Lender, and for their Petition states as follows:

### INTRODUCTION

1.      This is an action for statutory and actual damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      Plaintiffs demand a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

4.      Venue is proper in this Court because Plaintiff violated the FDCPA in St. Charles County, Missouri as described herein.

### PARTIES

5.      Plaintiffs are natural persons, husband and wife, currently residing in St. Charles County, Missouri.  Plaintiffs are "consumers" within the meaning of the FDCPA.

1

6.      The alleged debt Defendant was trying to collect arises out of consumer, family, and household transactions.  Specifically, the alleged debt arises out of electric utility services Plaintiffs received in St. Charles County, Missouri from Ameren.

7.      Plaintiffs are unsure of the validity of the debt due to Defendant's deceptive behavior as described herein.

8.      Defendant is a Missouri corporation with its principal office in Columbia, Missouri. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

9.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6).*

## FACTS

10.     Defendant sent a collection letter to Plaintiffs on November 5, 2012.  Plaintiffs received the same on or about November 10, 2012.

11.     The letter was clearly from Defendant, as it bore Defendant's name at the top and bottom of the letter.

12.     The letter was "signed" by "Debt Collector Medicredit, Inc."

13.     The letter indicates it pertains to a "past due" Ameren utility bill.

14.     The letter recites, "unless you notify *this office* within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, *this office* will assume this debt is valid…" (emphasis added.)

15.     Plaintiffs lost the home where Ameren provided services to foreclosure.  Because they had not occupied the residence for some time, Plaintiffs were unsure about the accuracy and validity of the utility bill and wanted to get more information from Defendant about the bill, including proof of the amount owed.

2

16.     Based on the instructions in the collection letter, Plaintiff Tina Lender tried to call Defendant.

17.     Defendant did not put its phone number anywhere on the letter; this deceived and confused Plaintiff because the letter instructed Plaintiff to contact Defendant to question the validity of the debt.  The only phone numbers listed went to Ameren and to Defendant's automated payment collection line.

18.     Plaintiff Tina Lender looked up Defendant's phone number and called Defendant.

19.     Defendant told Plaintiff that it wasn't really collecting on the Ameren bill, despite all of the representations in the letter to the contrary.

20.     Defendant told Plaintiff, "We're just sending out a notice for them."

21.     Plaintiff asked for an itemization of the charges and indicated she was concerned about the amount Defendant claimed was due.

22.     Defendant responded by telling Plaintiff that it would not provide any such information and to contact Ameren instead.

23.     Defendant also told Plaintiff that she was in "pre-collect" and that Defendant would not deal with Plaintiff until thirty days had expired.

24.     However, by this time, Plaintiffs' statutory dispute rights pursuant to 15 U.S.C. 1692g would be expired and Plaintiff would be powerless to dispute the debt or to request validation or verification of the balance owed.

25.     Defendant has deliberately implemented a scheme to confuse consumers like Plaintiffs into abandoning their dispute rights.

26.     Defendant's deceptive and manipulative conduct have caused Plaintiffs to suffer mental anguish and worry, as it seemed impossible for Plaintiffs to exercise their dispute rights Defendant put in its collection letter.

3

## COUNT I: VIOLATION OF THE FDCPA

27.     Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

28.     In its attempts to collect the alleged debt from Plaintiffs, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a.     Furnishing and designing the collection letter knowing that such letter would be used to create the false belief in Plaintiffs that a person other than Ameren, namely Defendant, was participating in the collection of Plaintiffs' debt when in fact Defendant was not so participating; 15 U.S.C. § 1692j;

b.     Overshadowing and lying about Plaintiffs' dispute rights; 15 U.S.C. § 1692g;

c.     Engaging in deceptive and unfair tactics in an effort to collect the debt; 15 U.S.C. § 1692c-f;

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.     Actual damages;

B.     Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

C.     For such other relief as the Court may deem just and proper.

4

EASON & VOYTAS, LLC

/s/ Richard A. Voytas, Jr.

JAMES W. EASON, #57112
RICK A. VOYTAS, #52046
EASON & VOYTAS, LLC
1 N. Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:     (314) 667-3161
rickvoytas@gmail.com

5